UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZULFIA KUNAKBAEVA,<br><br>               Petitioner,<br><br>v.<br><br>WARDEN, Otay Mesa Detention Center, et al.,<br><br>               Respondents. | Case No.:  26-cv-2791-RSH-JLB<br><br>**ORDER DENYING PETITION AND MOTION TO ENFORCE**<br><br>[ECF No. 2] |

On May 1, 2026, petitioner Zulfia Kunakbaeva, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner has also filed a motion seeking similar relief. ECF No. 2. The merits of the Petition are fully briefed. ECF Nos. 6, 8, 10.

## I.      BACKGROUND

This Court previously granted the petition in an earlier action that Petitioner brought, Case No. 26-cv-660-RSH-JLB. In so ruling, the Court found that Petitioner's immigration detention without a bond hearing had become unduly prolonged in violation of due process, and determined that "Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if

1

released." 26-cv-660-RSH-JLB, ECF No. 8 (Order dated Mar. 2, 2026). Thereafter, Petitioner received a bond hearing before an immigration judge on March 4, 2026, but the immigration judge determined that Petitioner was a flight risk and denied bond. *See* ECF No. 6-1. Petitioner has appealed that denial to the Board of Immigration Appeals ("BIA"), which appeal remains pending. *See* ECF No. 2 at 1.

The Petition argues that the immigration judge's denial of bond failed to comply with this Court's prior order, in that the immigration judge did not apply the correct evidentiary standard and failed to undertake an individualized inquiry. ECF No. 1 at 2, 6. Petitioner also contends that the immigration judge erred by failing to properly consider alternatives to detention. *Id.* at 7.

## II.    LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

## III.   ANALYSIS

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488

2

26-cv-2791-RSH-JLB

F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Nonetheless, "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Ninth Circuit has applied the exhaustion doctrine to circumstances similar to those presented here—where a noncitizen seeks review, through a habeas proceeding, of an immigration judge's denial of bond. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Irrespective of the prudential exhaustion doctrine, however, the Court retains jurisdiction to determine whether a party has complied with its earlier habeas order. *Id.* at 1161 ("[T]he district court had authority to review compliance with its earlier order conditionally granting habeas relief.").

The Court has reviewed the immigration judge's bond denial order and bond memorandum, along with the hearing transcript and other exhibits submitted. The Court is not persuaded that Respondents have failed to comply with the March 2, 2026 order. Petitioner does not dispute that the government timely held a bond hearing as directed by this Court's order; or that the immigration judge denied bond after considering evidence and argument, and concluding that Petitioner is a flight risk. Petitioner also does not dispute that the immigration judge purported to impose the burden of proof on the government; Petitioner's contention, instead, is that the immigration judge erred in misapplying that burden. Although Petitioner argues that the bond hearing was not "individualized" as

ordered by the Court, it is clear from the immigration judge's order that the immigration judge indeed considered Petitioner's individual circumstances. Without opining on whether the immigration judge's ruling was free of error or reached the correct conclusion, this Court concludes that the proceedings here complied with this Court's order.

The remainder of Petitioner's claim is in essence a claim that the immigration judge's decision to deny bond was erroneous. These are arguments to be decided in the first instance by the BIA, the administrative tribunal established to review such claims and correct any mistakes, and possessing expertise in such review. The Court declines to act as a parallel appellate administrative tribunal in addressing the merits of the claimed errors here, where doing so would effectively encourage the deliberate bypass of the administrative review process, designed to allow the agency to correct its own errors. Consistent with the Ninth Circuit's ruling in *Leonardo*, the Court requires exhaustion of these issues, determines that the prudential exhaustion requirement applies here, and declines to waive that requirement.

## IV.    CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. The motion to enforce [ECF No. 2] is likewise **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: June 17, 2026

_____
Hon. Robert S. Huie
United States District Judge

26-cv-2791-RSH-JLB